UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NEAL VERFUERTH,

           Plaintiff,

v.                                                    Case No. 14-C-352

ORION ENERGY SYSTEMS, INC.,

           Defendant.

## DECISION AND ORDER

Plaintiff Neal Verfuerth filed a lengthy complaint alleging 14 claims arising out of the termination of his employment as CEO of Defendant Orion Energy Systems, Inc. In a twenty-page Decision and Order dated November 4, 2014, this court dismissed several of the claims, including a retaliation claim based on the Dodd-Frank Act, as well as claims based on Plaintiff's alleged intellectual property rights. The Plaintiff then filed an amended complaint in which he attempted to re-plead the already dismissed claims. That amended complaint prompted another round of motions to dismiss and strike. For the reasons given below, the motion to dismiss will be granted in part, and the motion to strike will be denied.

The Plaintiff recognizes, of course, that his claims were dismissed on their merits. Dismissals under Fed. R. Civ. P. 12(b)(6) are, by their nature, dismissals with prejudice because the court has considered the allegations of the complaint (which is all that matters) and the law. There is nothing left to do, unless the court specifically identifies a curable flaw of some kind. *Harmon v. Gordon,* 712 F.3d 1044, 1054-55 (7th Cir. 2013) ("Unless otherwise stated, dismissals pursuant

to Rule 12(b)(6) are deemed to be with prejudice.")

Plaintiff argues that although the original claims may have been dismissed on the merits, the claims in the amended complaint are "new claims" because they incorporate "new" facts. Specifically, the new Dodd-Frank claim alleges that the Plaintiff *did* contact the SEC about his complaint, contrary to the parties' earlier statements. It further alleges that the intellectual property agreement cited by the Defendant was procured by mistake and / or fraud, whereas in prior proceedings it alleged, or at least suggested, that the agreement was not authentic.

The claims are not new, but Plaintiff has added new allegations in an effort to plug the holes that led to their previous dismissal. The question is why Plaintiff waited until after the earlier motion was decided to do so. In the extensive briefing in the course of the original motion to dismiss, there was no indication that additional facts could cure the deficiencies. The Dodd-Frank claim was dismissed because the Plaintiff had not reported his claim to the SEC, as required by the governing regulations. That the Plaintiff had *not* reported the claim was the key assumption of the court and both parties—otherwise, of course, there would have been no need for the Defendant to brief the issue or for the court to address it, which the court did at some length. Clearly, if the Plaintiff actually contacted the SEC, the time for making such an argument was during the extensive briefing on the motion to dismiss, not in an amended complaint.

Defendant's objection to Plaintiff's effort to obtain a do-over at this stage is understandable. Courts and opposing parties do not have unlimited resources that would allow them to entertain serial arguments with key facts changing in mid-stream. The entire premise of the motion to dismiss Plaintiff's Dodd-Frank claim, and the Court's decision granting the motion, was that the Plaintiff had never reported his claim to the SEC. Allowing him to re-plead the claim at this stage

2

would render these earlier efforts an utter waste of time.

At the same time, the Plaintiff's remaining claims against the Defendant are proceeding and no final judgment has been entered disposing of the case. Allowing the Plaintiff to proceed on his Dodd-Frank claim will likely cause no further delay, and will avoid the danger of even further cost and delay if the Court's dismissal is reversed on appeal. District courts have broad discretion under these circumstances to allow plaintiffs to replead. Wright & Miller, *FEDERAL PRACTICE AND PROCEDURE 3d* § 1357 at 416 (West 2004). I conclude that the proper exercise of that discretion under the circumstances presented is to allow Plaintiff's Dodd-Frank claim, as amended, to proceed. As the Court's previous decision noted, other courts have found the statute ambiguous and have not construed it to require that plaintiffs report alleged violations to the SEC in order to receive protection. Plaintiff may have reasonably believed he would prevail on the legal argument presented and did not consider the factual argument until after he lost. In any event, based on the amended complaint, a cognizable claim has now been stated. Defendant's motion to dismiss the amended Dodd-Frank claim will therefore be denied.

The intellectual property claims were dismissed because public records indicated that in 2008 the Plaintiff had signed an agreement assigning all of his intellectual property to the company. Although the Plaintiff contested the "authenticity" of the document in his briefing, and even in supplemental briefing, he never articulated any plausible reason that the document was some sort of forgery. I therefore found his authenticity argument cursory and unconvincing, particularly given the fact that the agreement in question had been publicly filed with the SEC as an agreement material to the company of which he was the CEO. He now contends that the agreement was based on mistake or fraud (rather than being inauthentic), but even now his allegations lack the kind of

3

particularity required for allegations of fraud or mistake. *See* Fed. R. Civ. P. 9(b). For this reason, Plaintiff's intellectual property claims will again be dismissed.

In sum, I conclude that Defendant's motion to dismiss will be **DENIED** as to the Dodd-Frank claim (Second Cause of Action). The motion is **GRANTED** as to the Ninth and Tenth Causes of Action relating to Plaintiff's intellectual property. The motion to strike is **DENIED**, with the understanding that the Defendant need not respond to the material already deemed immaterial by this court.

**SO ORDERED** this 18th day of May, 2015.

   /s William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court